Filed 10/23/23  P. v. Spencer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE ANTHONY SPENCER,<br><br>    Defendant and Appellant. | H050777<br>(Santa Cruz County<br>Super. Ct. No. 21CR05547) |

Defendant George Anthony Spencer pleaded no contest to two counts of unlawful sexual intercourse with a minor and individual counts of furnishing a controlled substance to a minor, child abuse, assault with a deadly weapon, sending harmful matter to a minor, contact with a minor for a sexual offense, and possession of child pornography.  In February 2023, the trial court imposed an aggregate term of six years in state prison, ordered Spencer to register as a narcotics offender, and also ordered him to register as a sex offender for life.

Spencer argues the trial court erred by requiring him to register as a narcotics offender because the Legislature eliminated the statutory requirement for such registration in 2020.  The Attorney General concedes this claim, and we accept the concession.

Spencer also argues the trial court erroneously imposed various fines and fees without determining his ability to pay them as required under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[1]  For the reasons below, we reject this claim.

Accordingly, we strike the order requiring registration as a narcotics offender, order the trial court to issue a corrected abstract of judgment omitting the narcotics registration requirement, and affirm the judgment as modified.

## I. PROCEDURAL BACKGROUND

The facts of the offenses are not set forth in the record.  The prosecution charged Spencer with 11 counts: count 1—forcible rape (Pen. Code, § 261, subd. (a)(2))[2]; counts 2, 3, and 4—unlawful sexual intercourse with a minor (§ 261.5, subd. (c)); count 5—oral copulation of a person under 18 (§ 287, subd. (b)(1)); count 6—selling or furnishing a controlled substance to a minor (Health & Saf. Code, § 11353); count 7—child abuse (§ 273a, subd. (a)); count 8—assault with a deadly weapon (§ 245, subd. (a)(1)); count 9—sending harmful matter to a minor (§ 288.2, subd. (a)(1)); count 10—contact with a minor for a sexual offense (§ 288.3, subd. (a)); and count 11—possession of child or youth pornography (§ 311.11, subd. (a)).

As part of a plea agreement, Spencer pleaded no contest to counts 2, 3, and 6 through 11 in exchange for dismissal of counts 1, 4, and 5, and a term of six years in state prison.  In February 2023, the trial court imposed an aggregate sentence of six years in prison, consisting of the middle term on count 6 with the remaining terms running concurrently.  Spencer was also required to register as a sex offender for life and as a narcotics offender.

The trial court imposed a $300 restitution fine under section 1202.4, subdivision (b), a $320 court operations fee under section 1465.8, and a $240 court facility fee under

---

[1] This issue is currently under review in the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844.

[2] Subsequent undesignated statutory references are to the Penal Code.

Government Code section 70373. Spencer requested a finding on his ability to pay, noting that he had been in custody for more than a year with no income or ability to earn money. The court declined to make any specific findings but found he would have the potential to earn some income from prison wages while confined, as well as a potential to earn income while on parole.

## II. DISCUSSION

### A. *The Order to Register as a Narcotics Offender*

Spencer contends the trial court erroneously ordered him to register as a narcotics offender because the Legislature terminated the statutory requirement in Assembly Bill No. 1261, effective January 1, 2020. The Attorney General concedes the merit of this claim, and we conclude the concession is well-taken. "[P]ursuant to the changes in the law effected by Assembly Bill No. 1261, the narcotics registration requirement set forth in Health and Safety Code former sections 11590 and 11594 is now a nullity." (*People v. Pinedo* (2021) 66 Cal.App.5th 608, 620.)

Accordingly, we will strike that portion of the judgment and order the trial court to issue a corrected abstract of judgment omitting the narcotics registration requirement.

### B. *Fines and Fees*

Spencer argues that the trial court erred by imposing a $300 restitution fine, a $320 court operations fee, and a $240 court facility fee without determining that he had the ability to pay them as required by *Dueñas*. As to the restitution fine, the Attorney General responds that the fine was constitutionally imposed under the excessive fines clause of the Eighth Amendment to the federal Constitution. As to the court operations and court facility fees, the Attorney General responds that any due process violation was harmless because Spencer will be able to work and earn wages while in custody and on parole.

3

For the reasons set forth in *People v. Petri* (2020) 45 Cal.App.5th 82 (*Petri*), we are not persuaded the trial court erred by imposing fines and fees. *Dueñas* concerned a defendant who was granted a 36-month term of probation with the condition that she serve 30 days in county jail if she paid a $300 fine or 39 days if she did not pay the fine. (*Dueñas*, at p. 1162.) In *Petri*, by contrast, the defendant was sentenced to four years. (*Petri*, at p. 86.) We therefore held, "As a purportedly indigent defendant who has been sentenced to jail, defendant fails to identify a 'limitation of rights' comparable to that identified in *Dueñas* concerning indigent and wealthy probationers." (*Id.* at p. 91.) Like the defendant in *Petri*, and unlike the defendant in *Dueñas*, Spencer was sentenced to a six-year prison term, and the record supports the trial court's finding that he has the potential to earn wages and income while in custody and on parole. Accordingly, we reject this argument.

## III. DISPOSITION

The order requiring registration as a narcotics offender is stricken, and the judgment as modified is affirmed. The trial court shall issue a corrected abstract of judgment omitting the narcotics registration requirement.

4

_____

BROMBERG, J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, P.J.

_____

DANNER, J.

*People v. Spencer*
H050777